**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4676

THEODORE MCFARLIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-736)

Submitted: March 31, 1999

Decided: May 6, 1999

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

I.S. Leevy Johnson, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Scarlett Wilson, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Theodore McFarlin appeals from a 292-month sentence imposed following his convictions for conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C.A. § 846 (West Supp. 1998), and for two counts of making false declarations in violation of 18 U.S.C.A. § 1623 (West Supp. 1998). McFarlin challenges the district court's refusal to grant a downward departure based upon his poor health and the court's relevant conduct determination of the amount of drugs attributable to McFarlin. We find no error and affirm.

We note that the district court's refusal on the merits to depart below the applicable guideline range is not reviewable on appeal. See United States v. Jones, 18 F.3d 1145, 1148 (4th Cir. 1994). After reviewing the excerpts of the trial and sentencing transcripts, we find that the district court's attribution to McFarlin of the drug transactions by McFarlin's co-conspirator was not clearly erroneous. See United States v. Williams, 986 F.2d 86, 90 (4th Cir. 1993). We further note that even assuming the challenged transactions were not included in the amount of drugs attributed to McFarlin, his base offense level would remain the same and any such error would be harmless. See United States v. Sampson, 140 F.3d 585, 593 (4th Cir. 1998).

Accordingly, we affirm McFarlin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2